UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

YOSVANY LOPEZ RUIZ,

   Petitioner,

  v.          Case No.:  2:26-cv-01850-SPC-NPM

WARDEN, FLORIDA SOFT SIDE
DETENTION CENTER *et al.*,

   Respondents,

             /

## OPINION AND ORDER

Before the Court are petitioner Yosvany Lopez Ruiz's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 3).

Lopez Ruiz is a native of Cuba who was paroled into the United States in 2005 and later became a lawful permanent resident. On February 22, 2011, he was convicted of drug trafficking. On October 4, 2012, an immigration judge ordered Lopez Ruiz removed to Cuba. Immigration and Customs Enforcement ("ICE") released Lopez Ruiz on an order of supervision on April 17, 2014, because there was no significant likelihood of removal in the reasonably foreseeable future. Lopez Ruiz has complied with all conditions of release.

On November 16, 2025, Lopez Ruiz reported to ICE for a routine check-in, and ICE revoked his release and detained him. He is currently detained at Alligator Alcatraz. Lopez Ruiz challenges the legality of his detention under the Fifth Amendment and *Zadvydas v. Davis,* 533 U.S. 678 (2001). The

government's response only presents one argument, and it is based on a misunderstanding of the Immigration and Nationality Act.  The government certifies it is detaining Lopez Ruiz under 8 U.S.C. § 1226(c), which mandates the detention of certain classes of noncitizens.  But § 1226 governs detention pending a decision on whether the noncitizen should be removed from the United States.  When a removal order becomes final, § 1231 governs detention. *Johnson v. Gusman Chavez*, 594 U.S. 523, 533-34 (2021).

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final.  *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute."  533 U.S. at 700-01 (2001).  If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal."  *Id.* at 699.  The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]."  *Id* at 701.  So, "for the sake of uniform administration in the federal courts," it established a "presumptively

reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Lopez Ruiz has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. The government determined it could not remove him in 2014 and no change in circumstances makes removal more likely now. The burden thus shifts to the respondents, but they make no attempt at rebuttal.

The Court finds no significant likelihood Lopez Ruiz will be removed in the reasonably foreseeable future. He is entitled to release from detention under *Zadvydas*. If removal becomes likely in the reasonably foreseeable future, ICE can detain Lopez Ruiz to "assur[e] [his] presence at the moment of removal." *Zadvydas*, 533 U.S. at 680.

Accordingly, it is hereby

**ORDERED:**

Yosvany Lopez Ruiz's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1. The respondents shall release Lopez Ruiz within 24 hours of this Order and give him telephone access so he can arrange transportation from the facility.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on June 18, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record